advisers' fiduciary duties, properly should have been borne by the Investment Adviser Defendants. The Investment Adviser Defendants also paid excessive commissions to broker dealers on top of any legitimate Soft Dollars to steer their clients to Columbia Funds and directed brokerage business to firms that favored Columbia Funds. Such payments and directed-brokerage payments were used to fund sales contests and other undisclosed financial incentives to push Columbia Funds. These incentives created an undisclosed conflict of interest and caused brokers to steer clients to Columbia Funds regardless of the funds' investment quality relative to other investment alternatives and to thereby breach their duties of loyalty. By paying the excessive brokerage commissions, the Investment Adviser Defendants also violated Section 12(b) of the Investment Company Act, because such payments were not made pursuant to a valid Rule 12b-1 plan.

53.     The excessive commissions did not fund any services that benefitted the Columbia Funds shareholders. This practice materially harmed plaintiff and other members of the Class from whom the Soft Dollars and excessive commissions were taken.

54.     Additionally, on information and belief, the defendants, similar to other members of the industry, have a practice of charging lower management fees to institutional clients than to ordinary mutual fund investors through their mutual fund holdings. This discriminatory treatment cannot be justified by any additional services to the ordinary investor and is a further breach of fiduciary duties.

55.     On January 14, 2004, *The Wall Street Journal* published an article under the headline, "SEC Readies Cases On Mutual Funds' Deals With Brokers." Citing a "person familiar with the investigation," the article notes that the SEC is "close to filing its first charges

F:\COLUMBI2\CMPLTOSB.WPD

21

against mutual fund companies related to arrangements that direct trading commissions to

brokerage firms that favor those fund companies' products." The article stated in pertinent part

as follows:

> **The SEC has been probing the business arrangement between**
> **fund companies and brokerage firms since last spring.** It held a
> news conference yesterday to announce **it has found widespread**
> **evidence that brokerage firms steered investors to certain mutual**
> **funds because of payments they received from fund companies or**
> **their investment advisers as part of sales agreements.**
>
> Officials said the agency has opened investigations into eight
> brokerage firms and a dozen mutual funds that engaged in a
> longstanding practice known as "revenue sharing." Agency
> officials said they expect that number to grow as its probe expands.
> They declined to name either the funds or the brokerage firms.
>
> The SEC said payments varied between 0.05% and 0.04% of sales
> and up to 0.25% of assets that remained invested in the fund.
>
> **People familiar with the investigation say regulators are looking**
> **into examples of conflict of interest when fund companies use**
> **shareholder money to cover costs of sales agreements instead of**
> **paying the sales costs themselves out of the firm's own pockets.**
> **The boards of funds, too, could be subject to scrutiny for**
> **allowing shareholders' commission dollars to be used for these**
> **sales agreements. In other cases, the SEC is probing whether**
> **funds violated policies that would require costs associated with**
> **marketing a fund to be included in a fund's so-called 12b-1 plan.**

*Id.* (Emphasis added).

## THE MARCH 22, 2004 DISCLOSURE

56.    In a March 22, 2004 supplement to numerous Smith Barney Funds Prospectuses,

the following language appeared:

> Effective March 22, 2004, the following is added after the first
> paragraph under the heading "Managing - Distribution plans" in
> the Prospectuses for each of the Funds listed below:

F:\COLUMBI2\CMPLTOSB.WPD

In addition, the distributors may make payments for distribution
and/or shareholder servicing activities out of their past profits and
other available sources. The distributors may also make payments
for marketing, promotional or related expenses to dealers. The
amount of these payments is determined by the distributors and
may be substantial. The manager or an affiliate may make similar
payments under similar arrangements.

*The payments described above are often referred to as "revenue
sharing payments." The recipients of such payments may
include the funds' distributor and other affiliates of the manager,
broker-dealers, financial institutions and other financial
intermediaries through which investors may purchase shares of a
fund. In some circumstances, such payments may create an
incentive for an intermediary or its employees or associated
persons to recommend or sell shares of a fund to your.* Please
contact your financial intermediary for details about revenue
sharing payments it may receive.

[Emphasis added.]

57.    The Columbia Funds were identified as one of the mutual fund families that Smith

Barney, a division of Citigroup Global Markets Inc. ("CGMI"), brokers were paid to push in a

June 2004 press release on the Smith Barney website titled, *Mutual Funds, Revenue Sharing and

Other Compensation Disclosure*. (See, http://smithbarney.com/products_services/mutual_funds/

investor_information/revenueshar.html).

### The Prospectuses Were Materially False And Misleading

58.    Plaintiff and other members of the Class were entitled to, and did receive, one or

more of the prospectuses ("Prospectuses"), pursuant to which the Columbia Fund shares were

offered, each of which contained substantially the same materially false and misleading

statements and omissions regarding 12b-1 fees, commissions and Soft Dollars.

59.    The Statement of Additional Information, dated May 1, 2003 for funds offered by

F:\COLUMBI2\CMPLTOSB.WPD

Investment Advisor Defendants, referred to in certain of the Columbia Funds Prospectuses and available to the investor upon request, states as follows with respect to Soft Dollars and revenue sharing:

> The Adviser places orders for the purchase and sale of Funds' portfolio securities and options and futures contracts. The Adviser's overriding objective in effecting portfolio transactions is to seek to obtain the best combination of price and execution. ***The best net price, giving effect to brokerage commission, if any, and other transaction costs, normally is an important factor in this decision, but a number of other judgmental factors may also enter into the decision.*** These include: the Adviser's knowledge of negotiated commission rates currently available and other current transaction costs; the nature of the security being traded; the size of the transaction; the desired timing of the trade; the activity existing and expected in the market for the particular security; confidentiality; the execution, clearance and settlement capabilities of the broker or dealer selected and others which are considered; the Adviser's knowledge of the financial stability of the broker or dealer selected and such other brokers or dealers; and the Adviser's knowledge of actual or apparent operational problems of any broker of dealer. ***Recognizing the value of these factors, the Funds may pay a brokerage commission in excess of that which another broker or dealer may have charged for effecting the same transaction.*** Evaluations of the reasonableness of brokerage commissions, based on the foregoing factors, are made on an ongoing basis by the Adviser's staff while effecting portfolio transactions. The general level of brokerage commissions paid is reviewed by the Adviser, and reports are made annually to the board of Trustees of the Funds.
>
> With respect to issues of securities involving brokerage commissions, when more than one broker or dealer is believed to be capable of providing the best combination of price and execution with respect to a particular portfolio transaction for a Fund, the Adviser often selects a broker or dealer that has furnished it with research products or services such as research reports, subscriptions to financial publications and research compilations, compilations of securities prices, earnings, dividends, and similar data, and computer data bases, quotation equipment and services, research-oriented computer software and

services, and services of economists and other consultants. Selection of brokers or dealers is not made pursuant to an agreement or understanding with any of the brokers or dealers; however, *the Adviser uses an internal allocation procedure to identify those brokers or dealers who provide it with research products or services and the amount of research products or services they provide, and endeavors to direct sufficient commissions generated by its clients' accounts in the aggregate, including the Funds, to such brokers or dealers to ensure the continued receipt of research products or services that the Adviser feels are useful.* In certain instances, the Adviser receives from brokers and dealers products or services which are used both as investment research and for administrative, marketing, or other non-research purposes. In such instances, the Adviser makes a good faith effort to determine the relative proportions of such products or services which may be considered as investment research. The portion of the costs of such products or services (without prior agreement or understanding, as noted above) through transaction charges generated by transactions by clients (including the Funds) while the portions of the costs attributable to non-research usage of such products or services is paid by the Adviser in cash. No person acting on behalf of the Funds is authorized, in recognition of the value of research products or services, to pay a commission in excess of that which another broker or dealer might have charged for effecting the same transaction. Research products or services furnished by brokers and dealers may be used in servicing any or all of the clients of the Adviser and not all such research products or services are used in connection with the management of the Funds.

With respect to the Funds' purchases and sales of portfolio securities transacted with a broker or dealer on a net basis, the Adviser may also consider the part, if any, played by the broker or dealer in bringing the securities involved to the Adviser's attention, including investment research related to the security and provided to a Fund.

[Emphasis added.]

60.    The Prospectuses failed to disclose and misrepresented, *inter alia*, the following

material and damaging adverse facts which damaged plaintiff and other members of the Class:

F:\COLUMBI2\CMPLTOSB.WPD

25

a.      that the Investment Adviser Defendants authorized the payment from fund assets of excessive commissions to broker dealers in exchange for preferential marketing services and that such payments were in breach of their fiduciary duties, in violation of Section 12b of the Investment Company Act, and unprotected by any "safe harbor";

b.      that the Investment Adviser Defendants directed brokerage payments to firms that favored Columbia Funds, which was a form of marketing that was not disclosed in or authorized by the Columbia Funds Rule 12b-1 Plan;

c.      that the Columbia Funds Rule 12b-1 plan was not in compliance with Rule 12b-1, and that payments made pursuant to the plan were in violation of Section 12 of the Investment Company Act because, among other reasons, the plan was not properly evaluated by the Director Defendants and there was not a reasonable likelihood that the plan would benefit the company and its shareholders;

d.      that by paying brokers to aggressively steer their clients to Columbia Funds, the Investment Adviser Defendants were knowingly aiding and abetting a breach of fiduciary duties, and profiting from the brokers' improper conduct;

e.      that any economies of scale achieved by marketing of the Columbia Funds to new investors were not passed on to Columbia Funds investors; on the contrary, as the Columbia Funds grew, fees charged to Columbia Funds investors were excessive;

f.      that defendants improperly used Soft Dollars and excessive commissions paid from Columbia Funds assets, to pay for overhead expenses, the cost of which should have been borne by FleetBoston and not Columbia Funds investors; and

g.      that the Director Defendants had abdicated their duties under the

F:\COLUMBI2\CMPLTOSB.WPD

26

Investment Company Act and their common law fiduciary duties, that they failed to monitor and supervise the Investment Adviser Defendants and that, as a consequence, the Investment Adviser Defendants were able to systematically skim millions and millions of dollars from the Columbia Funds.

## COUNT I

### Against the Investment Adviser Defendants
### For Violations Of Section 34(b) Of The
### Investment Company Act On Behalf Of The Class

61.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

62.    This Count is asserted against the Investment Adviser Defendants in their role as investment advisers to the Columbia Funds.

63.    The Investment Adviser Defendants made false statements of material fact in registration statements and reports filed and disseminated pursuant to the Investment Company Act and omitted to state facts necessary to prevent the statements made therein, in light of the circumstances under which they were made, from being materially false and misleading. The Investment Adviser Defendants failed to disclose the following:

a.    that the Investment Adviser Defendants authorized the payment from fund assets of excessive commissions to broker dealers in exchange for preferential marketing services and that such payments were in breach of their fiduciary duties, in violation of Section 12b of the Investment Company Act, and unprotected by any "safe harbor";

b.    that the Investment Adviser Defendants directed brokerage payments to firms that favored Columbia Funds, which was a form of marketing that was not disclosed in or

F:\COLUMBI2\CMPLTOSB.WPD

27

authorized by the Columbia Funds Rule 12b-1 Plan;

      c.     that the Columbia Funds Rule 12b-1 was not in compliance with Rule 12b-1, and that payments made pursuant to the plan were in violation of Section 12 of the Investment Company Act because, among other reasons, the plan was not properly evaluated by the Director Defendants and there was not a reasonable likelihood that the plan would benefit the company and its shareholders;

      d.     that by paying brokers to aggressively steer their clients to Columbia Funds, the Investment Adviser Defendants were knowingly aiding and abetting a breach of fiduciary duties, and profiting from the brokers' improper conduct;

      e.     that any economies of scale achieved by marketing of the Columbia Funds to new investors were not passed on to Columbia Funds investors; on the contrary, as the Columbia Funds grew, fees charged to Columbia Funds investors were excessive;

      f.     that defendants improperly used Soft Dollars and excessive commissions, paid from Columbia Funds assets, to pay for overhead expenses the cost of which should have been borne by Davis and not Columbia Funds investors; and

      g.     that the Director Defendants had abdicated their duties under the Investment Company Act and their common law fiduciary duties, that the Director Defendants failed to monitor and supervise the Investment Adviser Defendants and that, as a consequence, the Investment Adviser Defendants were able to systematically skim millions and millions of dollars from the Columbia Funds.

      64.     By reason of the conduct described above, the Investment Adviser Defendants violated Section 34(b) of the Investment Company Act.

F:\COLUMBI2\CMPLTOSB.WPD

65.     As a direct, proximate and foreseeable result of the Investment Adviser

Defendants' violation of Section 34(b) of the Investment Company Act, Columbia Funds

investors have incurred damages.

66.     Plaintiff and the Class have been specially injured by Defendants' violations of

Section 34(b) of the Investment Company Act. Such injuries were suffered directly by the

shareholders, rather than by the Columbia Funds themselves.

67.     The Investment Adviser Defendants, individually and in concert, directly and

indirectly, by the use, means or instrumentalities of interstate commerce and/or the mails,

engaged and participated in a continuous course of conduct to conceal such adverse material

information.

## COUNT II

### Against Columbia Distributors And The Investment Adviser Defendants
### Pursuant To Section 36(b) Of The Investment Company Act
### Derivatively On Behalf Of The Columbia Funds

68.     Plaintiff repeats and realleges each and every allegation contained above and

otherwise incorporates the allegations contained above.

69.     This Count is brought by the Class (as Columbia Funds securities holders) on

behalf of the Columbia Funds against Columbia Distributors and the Investment Adviser

Defendants for breaches of Columbia Distributors and the Investment Adviser Defendants'

fiduciary duties as defined by Section 36(b) of the Investment Company Act.

70.     Columbia Distributors and the Investment Adviser Defendants each had a

fiduciary duty to the Columbia Funds and the Class with respect to the receipt of compensation

for services and of payments of a material nature made by and to Columbia Distributors and the

F:\COLUMBI2\CMPLTOSB.WPD

Investment Adviser Defendants.

71.     Columbia Distributors and the Investment Adviser Defendants violated Section 36(b) by improperly charging investors in the Columbia Funds purported Rule 12b-1 marketing fees, and by drawing on the Columbia Funds assets to make undisclosed payments of Soft Dollars and excessive commissions, as defined herein, in violation of Rule 12b-1

72.     By reason of the conduct described above, Columbia Distributors and the Investment Adviser Defendants violated Section 36(b) of the Investment Company Act.

73.     As a direct, proximate and foreseeable result of Columbia Distributors' and the Investment Adviser Defendants' breach of the fiduciary duty of loyalty in their respective roles as underwriter and investment advisers to Columbia Funds investors, the Columbia Funds and the Class have incurred millions of dollars in damages.

74.     Plaintiff, in this Count, seeks to recover the Rule 12b-1 fees, Soft Dollars, excessive commission and the management fees charged the Columbia Funds by Columbia Distributors and the Investment Adviser Defendants.

## COUNT III

### Against FleetBoston, Columbia Group And The Director Defendants (As Control Persons of The Investment Adviser Defendants), And The Investment Adviser Defendants (As Control Persons of Columbia Distributors) For Violation Of Section 48(a) Of The Investment Company Act By The Class And Derivatively On Behalf Of The Columbia Funds

75.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

76.     This Count is brought pursuant to Section 48(a) of the Investment Company Act against FleetBoston, Columbia Group and the Director Defendants, who caused the Investment

F:\COLUMBI2\CMPLTOSB.WPD

Adviser Defendants to commit the violations of the Investment Company Act alleged herein. It is appropriate to treat these defendants as a group for pleading purposes and to presume that the misconduct complained of herein are the collective actions of FleetBoston, Columbia Group and the Director Defendants.

77.    The Investment Adviser Defendants are liable under Sections 34(b) of the Investment Company Act to the Class and under 36(b) of the Investment Company Act to the Columbia Funds as set forth herein.

78.    FleetBoston, Columbia Group and the Director Defendants were "control persons" of the Investment Adviser Defendants and caused the violations complained of herein. By virtue of their positions of operational control and/or authority over the Investment Adviser Defendants, FleetBoston, Columbia Group and the Director Defendants directly and indirectly, had the power and authority, and exercised the same, to cause the Investment Adviser Defendants to engage in the wrongful conduct complained of herein.

79.    Pursuant to Section 48(a) of the Investment Company Act, by reason of the foregoing, FleetBoston, Columbia Group and the Director Defendants are liable to plaintiff to the same extent as are the Investment Adviser Defendants for their primary violations of Sections 34(b) and 36(b) of the Investment Company Act.

80.    This Count is also brought pursuant to Section 48(a) of the Investment Company Act against the Investment Adviser Defendants, who caused Columbia Distributors to commit the violations of the Investment Company Act alleged herein. It is appropriate to treat these defendants as a group for pleading purposes and to presume that the misconduct complained of herein is the collective actions of the Investment Adviser Defendants.

F:\COLUMBI2\CMPLTOSB.WPD

81.     Columbia Distributors is liable under Section 36(b) of the Investment Company Act to the Columbia Funds as set forth herein.

82.     The Investment Adviser Defendants were "control persons" of Columbia Distributors and caused the violations complained of herein.  By virtue of their positions of operational control and/or authority over Columbia Distributors, the Investment Adviser Defendants directly and indirectly, had the power and authority, and exercised the same, to cause Columbia Distributors to engage in the wrongful conduct complained of herein.

83.     Pursuant to Section 48(a) of the Investment Company Act, by reason of the foregoing, the Investment Adviser Defendants are liable to plaintiff to the same extent as is Columbia Distributors for its primary violations of Section 36(b) of the Investment Company Act.

84.     By virtue of the foregoing, Plaintiff and other Class members are entitled to damages against FleetBoston, Columbia Group, the Director Defendants, Columbia Distributors and the Investment Adviser Defendants.

## COUNT IV

### Against The Investment Adviser Defendants Under Section 215 Of The Investment Advisers Act For Violations Of Section 206 Of The Investment Advisers Act Derivatively On Behalf Of The Columbia Funds

85.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

86.     This Count is based upon Section 215 of the Investment Advisers Act, 15 U.S.C. §80b-15.

87.     The Investment Adviser Defendants served as "investment advisers" to the

F:\COLUMBI2\CMPLTOSB.WPD

32

Columbia Funds and other members of the Class pursuant to the Investment Advisers Act.

88.     As fiduciaries pursuant to the Investment Advisers Act, the Investment Adviser Defendants were required to serve the Columbia Funds in a manner in accordance with the federal fiduciary standards set forth in Section 206 of the Investment Advisers Act, 15 U.S.C. §80b-6, governing the conduct of investment advisers.

89.     During the Class Period, the Investment Adviser Defendants breached their fiduciary duties to the Columbia Funds by engaging in a deceptive contrivance, scheme, practice and course of conduct pursuant to which they knowingly and/or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud upon the Columbia Funds. As detailed above, the Investment Adviser Defendants skimmed money from the Columbia Funds by charging and collecting fees from the Columbia Funds in violation of the Investment Company Act and the Investment Advisers Act. The purpose and effect of said scheme, practice and course of conduct was to enrich the Investment Adviser Defendants, among other defendants, at the expense of the Columbia Funds. The Investment Adviser Defendants breached their fiduciary duties owed to the Columbia Funds by engaging in the aforesaid transactions, practices and courses of business knowingly or recklessly so as to constitute a deceit and fraud upon the Columbia Funds.

90.     The Investment Adviser Defendants are liable as direct participants in the wrongs complained of herein. The Investment Adviser Defendants, because of their position of authority and control over the Columbia Funds were able to and did control the fees charged to and collected from the Columbia Funds and otherwise control the operations of the Columbia Funds.

91.     The Investment Adviser Defendants had a duty to (1) disseminate accurate and

F:\COLUMBI2\CMPLTOSB.WPD

33

truth information with respect to the Columbia Funds ; and (2) truthfully and uniformly act in accordance with their stated policies and fiduciary responsibilities to the Columbia Funds. The Investment Adviser Defendants participated in the wrongdoing complained of herein in order to prevent the Columbia Funds from knowing of the Investment Adviser Defendants' breaches of fiduciary duties including: (1) the charging of the Columbia Funds  and Columbia Funds investors improper Rule 12b-1 marketing fees; (2) making improper undisclosed payments of Soft Dollars; (3) making unauthorized use of "directed brokerage" as a marketing tool; and (4) charging the Columbia Funds for excessive and improper commission payments to brokers.

92.    As a result of the Investment Adviser Defendants' multiple breaches of their fiduciary duties owed to the Columbia Funds , the Columbia Funds were damaged.

93.    The Columbia Funds are entitled to rescind their investment advisory contracts with the Investment Adviser Defendants and recover all fees paid in connection with their enrollment pursuant to such agreements.

### COUNT V

### Breach of Fiduciary Duty Against
### The Investment Adviser Defendants  On Behalf Of The Class

94.    Plaintiff repeats and realleges each of the preceding allegations as though fully set forth herein.

95.    As investment advisers to the Columbia Funds, the Investment Adviser Defendants were fiduciaries to the plaintiff and other members of the Class and were required to act with the highest obligations of good faith, loyalty, fair dealing, due care and candor.

96.    As set forth above, the Investment Adviser Defendants breached their fiduciary

F:\COLUMBI2\CMPLTOSB.WPD

duties to plaintiff and the Class.

97.    Plaintiff and the Class have been specially injured as a direct, proximate and foreseeable result of such breach on the part of the Investment Adviser Defendants and have suffered substantial damages.

98.    Because the Investment Adviser Defendants acted with reckless and willful disregard for the rights of the plaintiff and other members of the Class, the Investment Adviser Defendants are liable for punitive damages in an amount to be determined by the jury.

### COUNT VI

### Breach of Fiduciary Duty Against The Director Defendants On Behalf Of The Class

99.    Plaintiff repeats and realleges each of the preceding allegations as though fully set forth herein.

100.    As Columbia Funds Directors, the Director Defendants had a fiduciary duty to the Columbia Funds and Columbia Funds investors to supervise and monitor the Investment Adviser Defendants.

101.    The Director Defendants breached their fiduciary duties by reason of the acts alleged herein, including their knowing or reckless failure to prevent the Investment Adviser Defendants from (1) charging the Columbia Funds and Columbia Funds investors improper Rule 12b-1 marketing fees; (2) making improper undisclosed payments of Soft Dollars; (3) making unauthorized use of "directed brokerage" as a marketing tool; and (4) charging the Columbia Funds for excessive and improper commission payments to brokers.

102.    Plaintiff and the Class have been specially injured as a direct, proximate and

F:\COLUMBI2\CMPLTOSB.WPD

35

foreseeable result of such breach on the part of the Investment Adviser Defendants and have

suffered substantial damages.

103.    Because the Investment Adviser Defendants acted with reckless and willful

disregard for the rights of plaintiff and other members of the Class, the Investment Adviser

Defendants are liable for punitive damages in an amount to be determined by the jury.

## COUNT VII

### Aiding And Abetting A Breach Of Fiduciary Duty Against
### The Investment Adviser Defendants On Behalf Of The Class

104.    Plaintiff repeats and realleges each of the preceding allegations as though fully set

forth herein.

105.    At all times herein, the broker dealers that sold Columbia Funds had fiduciary

duties of loyalty to their clients, including plaintiff and other members of the Class.

106.    The Investment Adviser Defendants knew or should have known that the broker

dealer had these fiduciary duties.

107.    By accepting improper Rule 12b-1 fees, Soft Dollars and excessive commissions

in exchange for aggressively pushing Columbia Funds, and by failing to disclose the receipt of

such fees, the brokerages breached their fiduciary duties to plaintiff and the other members of the

Class.

108.    The Investment Adviser Defendants possessed actual or constructive knowledge

that the brokerages were breaching their fiduciary duties, but nonetheless perpetrated the

fraudulent scheme alleged herein.

109.    The Investment Adviser Defendants' actions, as described in this complaint, were

F:\COLUMBI2\CMPLTOSB.WPD

a substantial factor in causing the losses suffered by plaintiff and the other members of the Class. By participating in the brokerages' breaches of fiduciary duties, the Investment Adviser Defendants are liable therefor.

110.    As a direct, proximate and foreseeable result of the Investment Adviser Defendants' knowing participation in the brokerages' breaches of fiduciary duties, plaintiff and the Class have suffered damages.

111.    Because the Investment Adviser Defendants acted with reckless and willful disregard for the rights of Plaintiff and other members of the Class, the Investment Adviser Defendants are liable for punitive damages in an amount to be determined by the jury.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

Determining that this action is a proper class action, certifying Plaintiff as the Class representative and Plaintiff's counsel as Class Counsel pursuant to Rule 23(a) of the Federal Rules of Civil Procedure;

A.    Determining that this action is a proper class action and appointing plaintiff as lead plaintiff and his counsel as lead counsel for the Class and certifying him as a class representative under Rule 23 of the Federal Rules of Civil Procedure

B.    Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C.    Awarding punitive damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of

F:\COLUMBI2\CMPLTOSB.WPD

defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

        D.     Awarding the Columbia Funds rescission of their contracts with the Investment Adviser Defendants, including recovery of all fees which would otherwise apply, and recovery of all fees paid to the Investment Adviser Defendants;

        E.     Ordering an accounting of all Columbia Funds related fees, commissions, and Soft Dollar payments;

        F.     Ordering restitution of all unlawfully or discriminatorily obtained fees and charges;

        G.     Awarding such other and further relief as this Court may deem just and proper, including any extraordinary equitable and/or injunctive relief as permitted by law or equity to attach, impound or otherwise restrict the defendants' assets to assure that Plaintiff and the Class have an effective remedy;

        H.     Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

        I.     Such other and further relief as the Court may deem just and proper.

F:\COLUMBI2\CMPLTOSB.WPD

38

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

DATED: August _10_, 2004                    Respectfully submitted,

**MOULTON & GANS, P.C.**

By _____
        Nancy Freeman Gans (BBO #184540)
33 Broad Street
Boston, MA 02109-4216
(617) 369-7979

**STULL, STULL & BRODY**
Jules Brody
Aaron Brody
Tzivia Brody
6 East 45th Street
New York, New York 10017
(212) 687-7230

**WEISS & YOURMAN**
Joseph H. Weiss
551 Fifth Avenue
New York, New York 10176
(212) 682-3025

**Attorneys for Plaintiff**

F:\COLUMBI2\CMPLTOSB.WPD

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

GENE F. OSBURN, Individually and on behalf of All Others Similarly Situated

## DEFENDANTS

See attached LISTING OF DEFENDANTS

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Spokane County, WA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

See ATTACHMENT "A"

ATTORNEYS (IF KNOWN)

*11750 REK*

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

XXX Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties In Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 5 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

XXX Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
XXX 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury – Med. Malpractice
☐ 365 Personal Injury – Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

### PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence
**HABEAS CORPUS:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

### FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS – Third Party 26 USC 7609

### OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Securities Fraud.  Violations of Secs. 34(b), 36(b) and 48(a) of the Investment Company Act, 15 U.S.C. Secs. 80a-33(b), 80a-35(a) and (b) and 80a-47(a); and Secs. 206 and 215 of the Investment Advisors Act, 15 U.S.C. Secs. 80b-6 and 80b-15.

## VII. REQUESTED IN COMPLAINT:

XXX CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  XX YES  ☐ NO

## VIII. RELATED CASE(S) (See instructions): IF ANY

JUDGE  Keeton, D.J.

DOCKET NUMBER  04-11704-REK

DATE
August 10, 2004

SIGNATURE OF ATTORNEY OF RECORD
Nancy Freeman Gans

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

## LISTING OF DEFENDANTS

FLEETBOSTON FINANCIAL CORPORATION, COLUMBIA MANAGEMENT
GROUP, INC., COLUMBIA MANAGEMENT ADVISORS, INC., COLUMBIA
WANGER ASSET MANAGEMENT, L.P., COLUMBIA FUNDS DISTRIBUTOR,
INC., CHARLES P. MCQUAID, RALPH WANGER, MARGARET EISEN, LEO A.
GUTHART, JEROME KAHN, JR., STEVEN KAPLAN, DAVID C. KLEINMAN,
ALLAN B. MUCHIN, ROBERT R. NASON, JOHN A. WING, and JOHN DOES 1-100,

Defendants,

COLUMBIA ACORN FUND, COLUMBIA ACORN SELECT, COLUMBIA ACORN
USA, COLUMBIA ASSET ALLOCATION FUND, COLUMBIA BALANCED FUND,
COLUMBIA COMMON STOCK FUND, COLUMBIA DISCIPLINED VALUE FUND,
COLUMBIA DIVIDEND INCOME FUND, COLUMBIA GROWTH & INCOME
FUND, COLUMBIA GROWTH FUND, COLUMBIA GROWTH STOCK FUND,
COLUMBIA LARGE CAP CORE FUND, COLUMBIA LARGE CAP GROWTH
FUND, COLUMBIA LARGE COMPANY INDEX FUND, COLUMBIA LIBERTY
FUND, COLUMBIA MID CAP GROWTH FUND, COLUMBIA MID CAP VALUE
FUND, COLUMBIA REAL ESTATE EQUITY FUND, COLUMBIA SMALL CAP
FUND, COLUMBIA SMALL CAP VALUE FUND, COLUMBIA SMALL COMPANY
EQUITY FUND, COLUMBIA SMALL COMPANY INDEX FUND, COLUMBIA
STRATEGIC INVESTOR FUND, COLUMBIA TAX-MANAGED AGGRESSIVE
GROWTH FUND, COLUMBIA TAX-MANAGED GROWTH FUND, COLUMBIA
TAX-MANAGED GROWTH FUND II, COLUMBIA TAX-MANAGED VALUE
FUND, COLUMBIA TECHNOLOGY FUND, COLUMBIA THERMOSTAT FUND,
COLUMBIA UTILITIES FUND, COLUMBIA YOUNG INVESTOR FUND,
COLUMBIA ACORN INTERNATIONAL FUND, COLUMBIA ACORN
INTERNATIONAL SELECT FUND, COLUMBIA EUROPE FUND, COLUMBIA
GLOBAL EQUITY FUND, COLUMBIA INTERNATIONAL EQUITY FUND,
COLUMBIA INTERNATIONAL STOCK FUND, COLUMBIA NEWPORT ASIA
PACIFIC FUND, COLUMBIA NEWPORT JAPAN OPPORTUNITIES FUND,
COLUMBIA NEWPORT GREATER CHINA FUND, COLUMBIA NEWPORT TIGER
FUND, COLUMBIA CONTRARIAN INCOME FUND, COLUMBIA CORPORATE
BOND FUND, COLUMBIA FEDERAL SECURITIES FUND, COLUMBIA FIXED
INCOME SECURITIES FUND, COLUMBIA FLOATING RATE ADVANTAGE
FUND, COLUMBIA FLOATING RATE FUND, COLUMBIA HIGH YIELD FUND,
COLUMBIA HIGH YIELD OPPORTUNITY FUND, COLUMBIA INCOME FUND,
COLUMBIA INTERMEDIATE BOND FUND, COLUMBIA INTERMEDIATE
GOVERNMENT INCOME FUND, COLUMBIA MONEY MARKET FUND, MONEY
MARKET FUND, COLUMBIA NATIONAL MUNICIPAL BOND FUND,
COLUMBIA QUALITY PLUS BOND FUND, COLUMBIA SHORT TERM BOND
FUND, COLUMBIA STRATEGIC INCOME FUND, COLUMBIA US TREASURY
INDEX FUND, COLUMBIA CALIFORNIA TAX-EXEMPT FUND, COLUMBIA
CONNECTICUT INTERMEDIATE MUNICIPAL BOND, COLUMBIA
CONNECTICUT TAX-EXEMPT FUND, COLUMBIA FLORIDA INTERMEDIATE

MUNICIPAL BOND FUND, COLUMBIA HIGH YIELD MUNICIPAL FUND, COLUMBIA INTERMEDIATE TAX-EXEMPT BOND FUND, COLUMBIA MANAGED MUNICIPALS FUND, COLUMBIA MASSACHUSETTS INTERMEDIATE MUNICIPAL BOND FUND, COLUMBIA MASSACHUSETTS TAX-EXEMPT FUND, COLUMBIA MUNICIPAL BOND FUND, COLUMBIA NEW JERSEY INTERMEDIATE MUNICIPAL BOND FUND, COLUMBIA NEW YORK INTERMEDIATE MUNICIPAL BOND FUND, COLUMBIA NEW YORK TAX-EXEMPT FUND, COLUMBIA OREGON MUNICIPAL BOND FUND, COLUMBIA PENNSYLVANIA INTERMEDIATE MUNICIPAL BOND FUND, COLUMBIA RHODE ISLAND INTERMEDIATE MUNICIPAL BOND FUND, COLUMBIA TAX-EXEMPT FUND, COLUMBIA TAX-EXEMPT INSURED FUND, COLUMBIA SMALL CAP GROWTH FUND , COLUMBIA EUROPEAN THEMATIC EQUITY FUND, COLUMBIA GLOBAL THEMATIC EQUITY FUND, COLUMBIA DAILY INCOME COMPANY FUND (collectively, the "Columbia Funds"),

Nominal Defendants.

# ATTACHMENT "A"

Nancy Freeman Gans (BBO #184540)
**MOULTON & GANS, P.C.**
33 Broad Street, Suite 1100
Boston, Massachusetts 02109-4216
Telephone: (617) 369-7979


Jules Brody
Aaron Brody
Tzivia Brody
**STULL, STULL & BRODY**
6 East 45th Street
New York, New York 10017
Telephone: (212) 687-7230


Joseph H. Weiss
**WEISS & YOURMAN**
551 Fifth Avenue
New York, New York 10176
Telephone: (212) 682-3025

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)   Gene F. Osburn, etc. v. Fleetboston
   Financial Corporation, et als.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL
   COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

   XXX    I.      160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___    II.     195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
                  740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ___    III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                  315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                  380, 385, 450, 891.

   ___    IV.     220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                  690, 810, 861-865, 870, 871, 875, 900.

   ___    V.      150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)).  IF MORE THAN ONE PRIOR RELATED CASE
   HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   Cohen v. Fleetboston Financial Corporation, et als., CA No: 04-11704-REK

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
   COURT?
                                                        YES          NO

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
   PUBLIC INTEREST?   (SEE 28 USC §2403)
                                                        YES          NO
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                        YES          NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
   28 USC §2284?
                                                        YES          NO

7. DO ALL OF THE PARTIES  IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
   COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE
   SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                        YES          NO

   A.      IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

           EASTERN DIVISION            CENTRAL DIVISION           WESTERN DIVISION

   B.      IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
           GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

           EASTERN DIVISION            CENTRAL DIVISION           WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Nancy Freeman Gans
ADDRESS  Moulton & Gans, P.C., 33 Broad Street, Suite 1100, Boston, MA 02109
TELEPHONE NO.  617-369-7979

(Cover sheet local.wpd  - 11/27/00)